# Exhibit A

CSC

# Notice of Service of Process

**Transmittal Number: 35061305**
**Date Processed: 09/16/2026**

**Primary Contact:** Legal Department
Ulta Salon, Cosmetics & Fragrance, Inc.
1000 Remington Blvd.
Ste 120
Bolingbrook, IL 60440-4708

**Electronic copy provided to:** Jayson Sullivan
Stacie Viskovicz
Rene Casares
Esme Recendez
John O'Connor

| | |
|---|---|
| **Document(s) Type:** | Summons/Complaint |
| **Matter Name/ID:** | Elizabeth Vega, an individual vs. Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware corporation (19939734) |
| **Case Number:** | 26STCV28459 |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Entity:** | Ulta Salon, Cosmetics & Fragrance, Inc.<br>Entity ID 0199311 |
| **Entity Served:** | Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware corporation |
| **Nature of Case:** | Discrimination |
| **Answer or Appearance Due:** | 30 Days |
| **Service Details:** | Served on CSC in California on 09/16/2026 by Personal Service |
| **Sender Information:** | The Law Office Of Jonathan Vega<br>909-510-1379 |

**All service of process must be acknowledged through CSC's platform to confirm receipt.**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**Document ID: 49273592**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by Superior Court of California, County of Los Angeles
9/14/2026 9:48 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Grim, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Ulta Salon, Cosmetics & Fragrance Inc, a Delaware corporation; Does 1 - 20, inclusive
(Summons for First Amended Complaint)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Elizabeth Vega, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, Los Angeles
111 North Hill St., Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV28459

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Law Office of Jonathan Vega; 601 E. Palomar St., Ste C, PMB 101, Chula Vista, CA 91911; (909) 510-1379

DATE: 09/14/2026
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* L. Grim *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

privacy, please press the Clear This Form button after y

Print this form | Save this form | Clear this form

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 361112<br>NAME: Jonathan Vega, Esq.<br>FIRM NAME: The Law Office of Jonathan Vega<br>STREET ADDRESS: 601 E. Palomar Street, Ste. C, PMB 101<br>CITY: Chula Vista STATE: CA ZIP CODE: 91911<br>TELEPHONE NO.: (909) 510-1379 FAX NO.: (909) 510-1379<br>EMAIL ADDRESS: jv@vegalitigation.com<br>ATTORNEY FOR (*name*): Plaintiff, Elizabeth Vega | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/08/2026 12:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Marquez, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME:<br>Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26STCV28459 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary

b. ☒ nonmonetary; declaratory or injunctive relief

c. ☒ punitive

4. Number of causes of action *(specify)*: 13

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

Jonathan Vega, Esq.
Type or print name

Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition



For your protection and privacy, please press the Clear button after you have printed the form.
Print Save Clear

Electronically FILED by Superior Court of California, County of Los Angeles 9/08/2026 12:57 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Marquez, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, Inc., et al. | 26STCV28459 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Superior Court of Los Angeles County**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☒ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE<br>Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Elizabeth Vega v. Ulta Salon, Cosmetics & Fragrance, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>6000 Sepulveda Blvd., Ste 2200 |
|---|---|---|---|
| CITY:<br>Culver City | STATE:<br>CA | ZIP CODE:<br>90230 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and SCLAC Local Rule 2.3(a)(1)(E)]

Dated: ____________________

______________________________________
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form SCLAC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Electronically Received 09/09/2026 04:00 PM

Jonathan Vega (State Bar No. 361112)
**THE LAW OFFICE OF JONATHAN VEGA**
601 E. Palomar Street,
Ste. C, PMB 101
Chula Vista, California 91911
Phone: (909) 510-1379
Email: jv@vegalitigation.com

Attorneys for Plaintiff, ELIZABETH VEGA

**FILED**
Superior Court of California
County of Los Angeles
09/09/2026
David W. Slayton, Executive Officer / Clerk of Court
By: B. Eisen Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

ELIZABETH VEGA, an individual;

Plaintiff,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No.: 26STCV28459

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**

1. Disability Discrimination in Violation of FEHA;
2. Failure to Accommodate Disability in Violation of FEHA;
3. Failure to Engage in the Interactive Process in Violation of FEHA;
4. Failure to Prevent Discrimination and Retaliation in Violation of FEHA;
5. Retaliation in Violation of FEHA;
6. Wrongful Termination in Violation of Public Policy;
7. Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7);
8. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512);
9. Failure to Pay Overtime Wages (Lab. Code §§ 510, 1194);
10. Violation of Labor Code § 226 (Wage Statements);
11. Waiting-Time Penalties (Lab. Code § 203);
12. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*);
13. Failure to Permit Inspection and Copying of Personnel and Payroll

Records. (Lab. Code §§ 1198.5 & 226)

**DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, ELIZABETH VEGA, an individual, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an unlimited civil case, and the Court has jurisdiction over this action because the amount in controversy exceeds $35,000, exclusive of interest and costs.

2. Jurisdiction and Venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County; Defendants are doing business or did business in Culver City, Los Angeles County, California. See also *California Code of Civil Procedure* § 395, which provides that the venue is proper in this County because defendants reside in this County and/or the harm to Plaintiff occurred in this County.

## PARTIES

3. Plaintiff Elizabeth Vega (herein after "PLAINTIFF" or "ELIZABETH") is, and at all times relevant hereto, was and is a resident of the State of California.

4. PLAINTIFF is informed and believes, and thereon alleges, that Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. ("ULTA") is a Delaware corporation duly authorized to do, and doing substantial business in the State of California, with retail and salon operations in Los Angeles County, including the Culver City store at which PLAINTIFF was employed.

5. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission,

encouragement, authorization and consent of each defendant designated herein.

6. The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

7. Plaintiff is informed and believes and based thereon, alleges that at all times material hereto, ULTA SALON; and DOES 1 through 20 (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

8. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

9. PLAINTIFF exhausted her administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Civil Rights Department ("CRD"). The CRD issued Right to Sue Notice, attached hereto as **Exhibit "A."**

## FACTUAL ALLEGATIONS

10. PLAINTIFF ELIZABETH was hired by ULTA in or about 2015 and worked continuously for ULTA for approximately ten (10) years until her wrongful termination on February 12, 2026. From the onset of her tenure, ELIZABETH proved to be a diligent and hardworking employee who thrived in her position and was eager and excited to finish her long career, and

eventually retire as an ULTA employee. Unfortunately, despite her work ethic, ELIZABETH would be subjected to discriminatory, harassing, and retaliatory conduct which would ultimately culminate in her termination. At the time of her termination, ELIZABETH was sixty-one (61) years old.

11. Throughout the relevant period, ELIZABETH was employed as a Hair Stylist (also designated by ULTA as a "Pro Hairstylist") at ULTA's salon located inside the Culver City West Field shopping mall, in the County of Los Angeles, State of California.

12. Throughout her employment, ELIZABETH performed the essential functions of her position competently and to ULTA's satisfaction. ELIZABETH received favorable performance reviews, met production and service standards expected of stylists at her experience level, and developed a loyal client following at the Culver City salon.

13. On or about September 1, 2022, while performing her job duties at ULTA's Culver City location, ELIZABETH sustained an industrial injury when she slipped and fell, landing on her hand. As a direct result of the fall, ELIZABETH sustained injuries to multiple body parts.

14. By reason of the September 1, 2022, industrial injury, PLAINTIFF has, and at all relevant times since has had physical disabilities which substantially limit one or more of her major life activities, and performing the duties of her stylist position without accommodation.

15. ULTA had actual knowledge of ELIZABETH's September 1, 2022, industrial injury and her resulting disabilities at all relevant times. ELIZABETH reported the injury to her supervisors at ULTA on the date it occurred or shortly thereafter; ULTA's commenced a workers' compensation claim; and ULTA was thereafter on notice through medical reports, treatment authorizations, work-status reports, and the workers' compensation proceedings of ELIZABETH's diagnoses, treatment, work restrictions, and accommodation needs.

16. Despite ULTA's actual knowledge of ELIZABETH's industrial injury and disabilities, ULTA failed and refused to engage in any timely or good-faith interactive process with ELIZABETH regarding her work restrictions or accommodation needs at any time after the September 1, 2022 injury. ULTA never invited ELIZABETH — by any name, in any form, at any time — to a meeting to discuss her work restrictions, the essential functions of her position, possible modifications, alternative or vacant positions, transfer opportunities, additional leave, or any other

potential reasonable accommodation.

17. From on or about May 9, 2024, through on or about August 13, 2024, ELIZABETH was on medical leave and underwent hand surgery. ULTA had full notice of the leave, including through its third-party workers' compensation administrator, Sedgwick.

18. Upon ELIZABETH's return to work in or about August 2024, ULTA briefly accommodated ELIZABETH with a four-day work week for approximately three weeks. ULTA then unilaterally rescinded that accommodation. The Sedgwick adjuster informed ELIZABETH that ULTA would not continue accommodating her reduced schedule unless she generated at least $1,500 per week in gross sales and stated that ULTA had "already given her a lot of money" and there were "not enough funds to continue accommodating her." Thereafter, ELIZABETH returned to her full schedule and continued performing her customary duties as an Elite Stylist without further accommodation, notwithstanding her ongoing physical restrictions.

19. On or about July 16, 2025, Qualified Medical Examiner issued a QME report addressing ELIZABETH's industrial injuries and resulting work restrictions. On or about October 16, 2025, ELIZABETH's Primary Treating Physician, issued a PTP report further documenting ELIZABETH's permanent work restrictions. ULTA received both reports through Sedgwick and through Bay Francis in ULTA's corporate Human Resources / Workers' Compensation department.

20. Following its receipt of the QME and PTP reports, ULTA still made no effort to engage ELIZABETH in any interactive process. ULTA never proposed any accommodation, never solicited ELIZABETH's input regarding accommodation, never analyzed whether her restrictions could be accommodated in her existing position or in any other vacant position within the company, and never documented any interactive-process effort. Notably, ELIZABETH had been working her customary job duties without accommodations; throughout this time ULTA had no issues with her physical disabilities and did not engage ELIZABETH in an interactive process. One form of accommodation that was provided was a 4-day work schedule as opposed to a 5-day work schedule.

21. On February 12, 2026, ULTA General Manager Leslie Hopkins summoned ELIZABETH to an in-person meeting at the Culver City salon and terminated ELIZABETH's employment, orally, effective immediately. In substance and in part, Ms. Hopkins told

ELIZABETH: "I got a call from Bay Francis (HR Workers' Comp). In December they received a request for permanent disability; The company decided they cannot accommodate your restrictions, so they're going to terminate your employment. They did mention there was a lawsuit at some point and they tried to settle, and for whatever reason it did not happen. So this is the best solution at this point — just not being an employee here. It's not based on your performance; it's something that was decided by corporate."

22. ULTA provided ELIZABETH with no separation notice, no Notice to Employee as to Change in Relationship, no termination letter, no COBRA notice, and no separation paperwork of any kind at the time of termination. Ms. Hopkins handed ELIZABETH only a copy of ULTA's stylist job description and a list of job functions. ELIZABETH's final paycheck was later shipped to her residence rather than tendered at the time of separation, in violation of Labor Code §§ 201 and 208.

23. ULTA's stated reason for the termination — that "the company decided they cannot accommodate your restrictions" — is, by ULTA's own admission through Ms. Hopkins, the unlawful reason. ULTA terminated ELIZABETH because of her physical disability and medical condition, her permanent work restrictions.

24. At the time of her termination, ELIZABETH was, in fact, performing her customary Elite Stylist duties at the Culver City salon. ULTA had never asserted that ELIZABETH was unable to perform the essential functions of her position. ULTA conducted no individualized assessment, no essential-functions analysis, no fitness-for-duty evaluation, and no vacant-position search before terminating her. ULTA made no effort to identify whether any reasonable accommodation — including modified equipment, redistribution of marginal functions such as lifting over twenty-five pounds, a modified schedule, reassignment to a vacant position within the ULTA enterprise, or a finite additional leave of absence — would permit ELIZABETH to continue working.

25. ULTA's termination of ELIZABETH is consistent with a pattern and practice by ULTA District Area Manager Defendant Brittany Price of separating disabled or injured employees in lieu of accommodating their disabilities. By contrast, ULTA accommodated General Manager Diana Funk after she sustained her own work injury — granting her leave and transferring her to

another ULTA store location — demonstrating that accommodation was available to favored, non-restricted, or differently-situated employees, but was deliberately withheld from ELIZABETH.

26. ELIZABETH engaged in protected activity under FEHA, the Labor Code, and California public policy, including, without limitation: (a) sustaining and reporting an industrial injury; (b) filing and prosecuting a workers' compensation claim (c) accepting Stipulations with Request for Award in lieu of resignation; (d) requesting permanent-disability benefits through counsel in December 2025; (e) declining the Compromise and Release that was conditioned upon her resignation; (h) requesting that ULTA accommodate her permanent work restrictions through her workers' compensation proceedings and through Sedgwick; and (i) complaining internally to her managers, including Evelyn Muro, Christina Ramirez, and Dianna Funk, that ULTA's scheduling, understaffing, and supply shortages were preventing ELIZABETH and other stylists from taking compliant meal and rest periods in violation of Labor Code §§ 226.7 and 512.

27. ULTA, through its managing agents and supervisory employees — including Bay Francis (Corporate Human Resources / Workers' Compensation), Brittany Price (District Area Manager), Leslie Hopkins (General Manager), Diana Funk (store manager), Evelyn Muro (Store Manager), and Breeona Montes — knew of each of ELIZABETH's protected activities at the time they took adverse employment action against her. ELIZABETH's disability, her permanent work restrictions, and her internal complaints regarding wage-and-hour violations were each, individually and collectively, substantial motivating reasons for ULTA's decision to terminate her employment.

28. ULTA failed to take any reasonable steps to prevent the disability discrimination, retaliation, and failure to accommodate suffered by ELIZABETH. ULTA failed to maintain or enforce any compliant interactive-process or reasonable-accommodation policy as applied to ELIZABETH; failed to train its supervisory personnel — including Ms. Hopkins, Dianna Funk, Evelyn Muro, and Ms. Francis — on FEHA's accommodation and interactive-process obligations; failed to conduct any prompt or thorough investigation of ELIZABETH accommodation needs; and failed to take any effective corrective action when corporate management decided to terminate ELIZABETH based solely on her permanent work restrictions.

29. ULTA's termination of ELIZABETH on February 12, 2026, violates the

fundamental, substantial, and well-established public policies of the State of California embodied in, without limitation, Government Code § 12940 *et seq.*

30. As a direct, foreseeable, and proximate result of DEFENDANTS' wrongful conduct as alleged herein, ELIZABETH has sustained, and continues to sustain, substantial economic and non-economic damages, including, without limitation: lost wages (back pay and front pay); loss of employer-provided health insurance and 401(k) benefits; and emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all in amounts to be proven at trial.

31. DEFENDANTS' conduct as alleged herein was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, including, without limitation, Bay Francis in corporate Human Resources, Brittany Price, and General Manager Leslie Hopkins, entitling ELIZABETH to an award of punitive and exemplary damages in amounts sufficient to punish DEFENDANTS and to deter similar conduct in the future.

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of**

**Fair Employment and Housing Act ("FEHA")**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

32. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

33. Government Code § 12940(a) makes it an unlawful employment practice for an employer to discharge a person from employment, or to discriminate against the person in compensation or in the terms, conditions, or privileges of employment, because of physical disability, mental disability, or medical condition.

34. At all relevant times, ULTA regularly employed five (5) or more persons and was an "employer" within the meaning of Government Code § 12926(d) and subject to all the duties and prohibitions of FEHA.

35. At all relevant times herein, PLAINTIFF had, and was perceived by DEFENDANTS

as having, a physical disability and medical condition within the meaning of Government Code §§ 12926(j), (m), and 12926.1, arising from the September 1, 2022 industrial injury, which limited one or more of PLAINTIFF's major life activities, including, without limitation, working, lifting, gripping, squatting, sustained standing, repetitive cervical and lumbar motion, and fine motor manipulation.

36. At all relevant times, PLAINTIFF was able to perform the essential functions of her Elite Stylist position, with or without reasonable accommodation. (Gov. Code § 12940(a)(1)).

37. DEFENDANTS, and each of them, discriminated against PLAINTIFF on the basis of her physical disability, medical condition, and/or perceived disability, by, without limitation: (a) refusing to engage in any timely, good-faith interactive process; (b) refusing to provide any reasonable accommodation; (c) treating her permanent work restrictions as an automatic disqualifier; (d) conditioning continued employment on PLAINTIFF's voluntary resignation of her workers' compensation claim; and (e) terminating PLAINTIFF's employment on February 12, 2026.

38. PLAINTIFF's physical disability, medical condition, and/or perceived disability were substantial motivating reasons for DEFENDANTS' adverse employment actions, including her termination. (Gov. Code § 12940(a).)

39. As a direct, foreseeable, and proximate result of DEFENDANTS' discriminatory conduct, PLAINTIFF has sustained, and continues to sustain, substantial economic damages, including, without limitation, loss of past and future earnings, lost employment benefits, lost employer-provided health insurance, lost 401(k) contributions, and other economic losses, in amounts to be proven at trial.

40. As a further direct and proximate result of DEFENDANTS' discriminatory conduct, PLAINTIFF has suffered, and continues to suffer, severe emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all in amounts to be proven at trial.

41. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary

damages in amounts sufficient to punish DEFENDANTS and to deter similar conduct in the future. (Civ. Code § 3294.)

42. PLAINTIFF is entitled to recover reasonable attorneys' fees, expert witness fees, and costs pursuant to Government Code § 12965(c)(6).

## SECOND CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of the FEHA

(Against Defendant ULTA and DOES 1 through 20, inclusive)

43. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

44. Government Code § 12940(m)(1) makes it an unlawful employment practice for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee, unless the employer demonstrates, after engaging in the interactive process, that the accommodation would impose an undue hardship.

45. At all relevant times, PLAINTIFF had a physical disability and medical condition within the meaning of Government Code §§ 12926(j) and (m), and DEFENDANTS knew, or had reason to know, of PLAINTIFF's disability and need for reasonable accommodation through, among other things, the workers' compensation proceedings, the Sedgwick file, the July 16, 2025 QME report, and the October 16, 2025, PTP report.

46. PLAINTIFF was, at all relevant times, qualified to perform the essential functions of her Elite Stylist position with reasonable accommodation, and in fact continued to perform her customary stylist duties through her last day of work on February 12, 2026.

47. PLAINTIFF was entitled to, and required, reasonable accommodations, including, without limitation: (a) modification of marginal job functions such as lifting over twenty-five (25) pounds; (b) provision of assistive equipment or tools; (c) a modified or reduced schedule; (d) reassignment to a vacant position within the ULTA enterprise; and/or (e) a finite additional leave of absence. Any one or more of these accommodations would have allowed PLAINTIFF to continue working.

48. DEFENDANTS failed and refused to provide PLAINTIFF with any reasonable

accommodation. DEFENDANTS did not, and cannot, demonstrate that any such accommodation would have imposed an undue hardship within the meaning of Government Code § 12926(u). (Gov. Code § 12940(m).)

49. Additionally and alternatively, DEFENDANTS violated Government Code § 12940(m)(2) by retaliating against PLAINTIFF for requesting accommodation, including by terminating her employment.

50. As a direct, foreseeable, and proximate result of DEFENDANTS' failure to accommodate, PLAINTIFF has sustained, and continues to sustain, substantial economic damages, including, without limitation, loss of past and future earnings and lost employment benefits, in amounts to be proven at trial.

51. As a further direct and proximate result of DEFENDANTS' failure to accommodate, PLAINTIFF has suffered, and continues to suffer, severe emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all in amounts to be proven at trial.

52. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary damages in amounts to be proven at trial.

53. PLAINTIFF is entitled to recover reasonable attorneys' fees, expert witness fees, and costs pursuant to Government Code § 12965(c)(6).

**<u>THIRD CAUSE OF ACTION</u>**

**Failure to Engage in the Interactive Process in Violation of the FEHA**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

54. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

55. Government Code § 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good-faith, interactive process with an employee to determine effective reasonable accommodations, in response to a request for reasonable accommodation by an

employee with a known physical or mental disability or known medical condition.

56. PLAINTIFF, through her ongoing workers' compensation proceedings, through Sedgwick, through her medical providers' QME and PTP reports, and through her counsel's December 2025 request for permanent-disability benefits, repeatedly placed DEFENDANTS on notice of her disability and her need for reasonable accommodation, thereby triggering DEFENDANTS' affirmative, continuing, and independent duty to engage in the interactive process. (Gov. Code § 12940(n).)

57. DEFENDANTS failed and refused to engage in any timely, good-faith interactive process with PLAINTIFF. Specifically, DEFENDANTS, without limitation: (a) never invited PLAINTIFF to any meeting to discuss her work restrictions or accommodation needs; (b) never solicited PLAINTIFF's input regarding accommodation; (c) never analyzed the essential functions of PLAINTIFF's position or whether her permanent restrictions could be accommodated; (d) never identified or evaluated any vacant position within the ULTA enterprise for which PLAINTIFF was qualified; and (e) terminated PLAINTIFF's employment without ever engaging in any interactive process whatsoever.

58. PLAINTIFF participated in good faith in all efforts to engage in the interactive process, or was prevented from doing so by DEFENDANTS' refusal to initiate or continue the process.

59. Reasonable accommodations existed at the time of DEFENDANTS' breach that would have allowed PLAINTIFF to continue her employment.

60. As a direct, foreseeable, and proximate result of DEFENDANTS' failure to engage in the interactive process, PLAINTIFF has sustained, and continues to sustain, substantial economic damages, including, without limitation, loss of past and future earnings and lost employment benefits, in amounts to be proven at trial.

61. As a further direct and proximate result of DEFENDANTS' failure to engage in the interactive process, PLAINTIFF has suffered, and continues to suffer, severe emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all in amounts to be proven at trial.

62. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary damages in amounts to be proven at trial.

63. PLAINTIFF is entitled to recover reasonable attorneys' fees, expert witness fees, and costs pursuant to Government Code § 12965(c)(6).

## FOURTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Retaliation in Violation of the FEHA**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

64. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

65. Government Code § 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

66. DEFENDANTS knew, or in the exercise of reasonable diligence should have known, of the discriminatory and retaliatory conduct directed at PLAINTIFF, including the wholesale refusal to engage in any interactive process or provide any reasonable accommodation, and the use of PLAINTIFF's permanent work restrictions as a basis for termination.

67. DEFENDANTS failed to take all reasonable steps necessary to prevent the discrimination and retaliation suffered by PLAINTIFF, including, without limitation: (a) failure to adopt, implement, and enforce compliant FEHA accommodation, interactive-process, and anti-retaliation policies; (b) failure to adequately train managers and supervisors — including Bay Francis, Brittany Price, Leslie Hopkins, Evelyn Muro, and Breeonna Montes — on their FEHA accommodation and interactive-process duties; (c) failure to investigate PLAINTIFF's accommodation needs; (d) failure to maintain any documented interactive-process protocol; and (e) failure to take any effective corrective action when corporate management decided to terminate PLAINTIFF solely because of her permanent work restrictions.

68. DEFENDANTS' failure to take reasonable steps to prevent the discrimination and

retaliation was a substantial factor in causing PLAINTIFF's harm.

69. As a direct, foreseeable, and proximate result of DEFENDANTS' failure to prevent discrimination and retaliation, PLAINTIFF has sustained, and continues to sustain, substantial economic and non-economic damages, including loss of earnings, lost benefits, and severe emotional distress, all in amounts to be proven at trial.

70. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary damages in amounts to be proven at trial.

71. PLAINTIFF is entitled to recover reasonable attorneys' fees, expert witness fees, and costs pursuant to Government Code § 12965(c)(6).

## FIFTH CAUSE OF ACTION

**Retaliation in Violation of the FEHA**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

72. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

73. Government Code § 12940(h) makes it an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practice forbidden under FEHA or because the person has filed a complaint, testified, or assisted in any FEHA proceeding. Government Code § 12940(m)(2) further prohibits retaliation against a person for requesting reasonable accommodation, regardless of whether the request was granted.

74. PLAINTIFF engaged in protected activity under FEHA, including, without limitation: (a) requesting and seeking reasonable accommodation for her physical disability; (b) requesting that DEFENDANTS engage in the interactive process; (c) opposing DEFENDANTS' refusal to accommodate her disability; (d) declining the Compromise and Release that was expressly conditioned upon her resignation; and (e) filing a complaint with the California Civil Rights Department.

75. DEFENDANTS, and each of them, were aware of PLAINTIFF's protected activities at the time the adverse employment actions, including her February 12, 2026, termination, were taken.

76. Following PLAINTIFF's protected activities, DEFENDANTS subjected PLAINTIFF to one or more adverse employment actions, including, without limitation, refusal to accommodate, refusal to engage in the interactive process, conditioning continued employment on resignation, and termination of employment.

77. PLAINTIFF's protected activities were a substantial motivating reason for DEFENDANTS' adverse employment actions. (Gov. Code § 12940(h).)

78. As a direct, foreseeable, and proximate result of DEFENDANTS' retaliation, PLAINTIFF has sustained, and continues to sustain, substantial economic and non-economic damages, including loss of earnings, lost benefits, and severe emotional distress, all in amounts to be proven at trial.

79. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary damages in amounts to be proven at trial.

80. PLAINTIFF is entitled to recover reasonable attorneys' fees, expert witness fees, and costs pursuant to Government Code § 12965(c)(6).

**<u>SIXTH CAUSE OF ACTION</u>**

**Wrongful Termination in Violation of Public Policy**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

81. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

82. An employer is precluded from terminating an employee for a reason that contravenes a fundamental, substantial, and well-established public policy of the State of California.

83. At all relevant times, the public policy of the State of California, as embodied in the following statutory and constitutional sources, prohibited the conduct in which DEFENDANTS

engaged: (a) Government Code §§ 12940(a), (h), (k), (m), and (n) (FEHA — prohibiting disability discrimination, retaliation, failure to accommodate, and failure to engage in the interactive process); (b) Labor Code § 1102.5 (whistleblower retaliation); (c) Labor Code § 6310 (occupational safety retaliation); (d) Labor Code §§ 226.7 and 512 (meal and rest period rights); and (f) Article I, Section 8 of the California Constitution (right to pursue and obtain employment).

84. The foregoing public policies are fundamental, substantial, and well-established; they benefit the public at large; and they were in place at the time of PLAINTIFF's termination.

85. DEFENDANTS terminated PLAINTIFF's employment on February 12, 2026 in violation of these fundamental public policies. PLAINTIFF's disability and medical condition, her permanent work restrictions, her exercise of workers' compensation rights, her requests for accommodation, and her internal complaints regarding wage-and-hour violations were each, individually and collectively, substantial motivating reasons for DEFENDANTS' decision to terminate her employment.

86. As a direct, foreseeable, and proximate result of DEFENDANTS' wrongful termination, PLAINTIFF has sustained, and continues to sustain, substantial economic damages, including, without limitation, loss of past and future earnings, lost employment benefits, lost employer-provided health insurance, lost 401(k) contributions, and other economic losses, in amounts to be proven at trial.

87. As a further direct and proximate result of DEFENDANTS' wrongful termination, PLAINTIFF has suffered, and continues to suffer, severe emotional distress, mental anguish, humiliation, embarrassment, anxiety, loss of sleep, and loss of enjoyment of life, all in amounts to be proven at trial.

88. DEFENDANTS' conduct, as alleged herein, was undertaken with malice, oppression, and/or fraud within the meaning of Civil Code § 3294, and was committed, authorized, and/or ratified by managing agents of ULTA, entitling PLAINTIFF to an award of punitive and exemplary damages in amounts sufficient to punish DEFENDANTS and to deter similar conduct in the future.

//

//

//

//

**SEVENTH CAUSE OF ACTION**

**Failure to Authorize and Permit Rest Periods Pursuant to Labor Code § 226.7 and the Applicable IWC Wage Order**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

89. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

90. Labor Code § 1198 makes it unlawful to employ any person under conditions of labor prohibited by the applicable Industrial Welfare Commission ("IWC") Wage Order.

91. Section 12 of the applicable IWC Wage Order (Wage Order 7-2001, governing the Mercantile Industry) requires employers to authorize and permit non-exempt employees to take net rest periods of not less than ten (10) minutes for each four (4) hour period worked, or major fraction thereof, insofar as practicable in the middle of each work period. (Brinker Restaurant Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1029–1033; Augustus v. ABM Security Services, Inc. (2016) 2 Cal.5th 257, 269–270 [rest periods must be off-duty and uninterrupted].)

92. Labor Code § 226.7(c) and Section 12 of the applicable Wage Order require employers to pay non-exempt employees one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a required rest period is not authorized or permitted.

93. The "regular rate of compensation" for purposes of § 226.7 includes all non-discretionary remuneration, including hourly wages plus commissions and other non-discretionary incentive pay. (Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858, 869–876.)

94. At all relevant times, PLAINTIFF was a non-exempt employee entitled to rest-period protections. PLAINTIFF regularly worked shifts of four (4) or more hours during which DEFENDANTS failed to authorize and permit compliant rest periods, including by reason of understaffing, supply shortages, customer scheduling that overran her shifts, and pressure from management to remain on duty servicing clients. DEFENDANTS' own payroll records reflect the routine payment of "Rest Break" premium time, which constitutes an admission that compliant rest

periods were not provided.

95. PLAINTIFF is entitled to recover one (1) additional hour of pay at her regular rate of compensation for each workday a compliant rest period was not authorized or permitted, in amounts to be proven at trial, together with pre-judgment interest, reasonable attorneys' fees, and costs of suit. (Lab. Code §§ 226.7(c), 218.5, 218.6.)

96. At all times relevant, PLAINTIFF would complain to Evalyn Muro and Dianna Funk regarding her inability to take meal or rest breaks on time due to short staffing, or high demand. PLAINTIFF would clock-out for lunch and continue working. This was a common practice taken by employees in order to keep up with demand at ULTA.

## EIGHTH CAUSE OF ACTION

**Failure to Provide Meal Periods Pursuant to Labor Code §§ 226.7 and 512 and the Applicable IWC Wage Order**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

97. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

98. Labor Code §§ 226.7 and 512, and Section 11 of the applicable IWC Wage Order, require employers to provide non-exempt employees who work five (5) or more hours in a workday with an uninterrupted, off-duty meal period of not less than thirty (30) minutes, commencing before the end of the fifth hour of work. A second meal period must be provided to employees working more than ten (10) hours in a workday.

99. A meal period is compliant only if the employee is relieved of all duty, the employer relinquishes control over the employee's activities, the employee is permitted a reasonable opportunity to take an uninterrupted thirty-minute break, and the employer does not impede or discourage the employee from doing so.

100. Labor Code § 226.7(c) and Section 11 of the applicable Wage Order require employers to pay non-exempt employees one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period is not provided. The regular rate must include all non-discretionary remuneration, including commissions.

101. At all relevant times, PLAINTIFF was a non-exempt employee entitled to meal-period protections. PLAINTIFF regularly worked shifts of five (5) or more hours during which DEFENDANTS failed to provide a compliant, uninterrupted, off-duty, timely thirty-minute first meal period, and on shifts exceeding ten (10) hours failed to provide a compliant second meal period. DEFENDANTS scheduled and booked services for PLAINTIFF that ran past the end of the fifth hour, required PLAINTIFF to remain on duty to complete in-process chemical and color services that could not be left unattended, and disciplined PLAINTIFF for failing to take meal periods that DEFENDANTS' own scheduling and supply practices had made impossible to take. DEFENDANTS' routine payment of "Penalty Time" meal-period premiums on PLAINTIFF's wage statements constitutes an admission that compliant meal periods were not provided.

102. PLAINTIFF is entitled to recover one (1) additional hour of pay at her regular rate of compensation for each workday a compliant meal period was not provided, in amounts to be proven at trial, together with pre-judgment interest, reasonable attorneys' fees, and costs of suit. (Lab. Code §§ 226.7(c), 218.5, 218.6.)

**NINTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages Pursuant to Labor Code §§ 510 and 1194**

**and the Applicable IWC Wage Order**

(Against Defendant ULTA and DOES 1 through 20, inclusive)

103. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

104. Section 2(K) of the applicable IWC Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

105. Labor Code §§ 510 and 1194, and Section 3 of the applicable IWC Wage Order, require employers to compensate non-exempt employees at not less than one and one-half (1.5) times the regular rate of pay for: (a) all hours worked in excess of eight (8) hours in any workday; (b) all hours worked in excess of forty (40) hours in any workweek; and (c) the first eight (8) hours worked on the seventh consecutive workday in any workweek. Employees must be compensated at

not less than two (2) times the regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and all hours worked in excess of eight (8) on the seventh consecutive workday.

106. The "regular rate" for overtime purposes must include all non-discretionary remuneration, including hourly wages, commissions, and non-discretionary bonuses. (Alvarado v. Dart Container Corp. of California (2018) 4 Cal.5th 542, 554–555.)

107. At all relevant times, PLAINTIFF was a non-exempt employee entitled to overtime compensation. PLAINTIFF regularly worked in excess of eight (8) hours per day and/or forty (40) hours per week, and on multiple occasions worked into unauthorized overtime to complete in-process services. DEFENDANTS knew or had reason to know that PLAINTIFF was performing such overtime work and suffered or permitted her to do so. DEFENDANTS failed to properly compute the regular rate by excluding non-discretionary commissions and incentive pay, resulting in underpayment of overtime.

108. PLAINTIFF is entitled to recover all unpaid overtime wages, liquidated damages under Labor Code § 1194.2 where applicable, pre-judgment interest, reasonable attorneys' fees, and costs of suit. (Lab. Code §§ 1194, 1194.2, 218.6.)

## TENTH CAUSE OF ACTION

**Violation of Labor Code § 226 — Failure to Provide Accurate Itemized Wage Statements**

(Against ULTA and DOES 1–20)

109. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

110. Labor Code § 226(a) requires employers to furnish each non-exempt employee, semimonthly or at the time of each payment of wages, with an accurate itemized wage statement showing: (1) gross wages earned; (2) total hours worked; (3) the number of piece-rate units earned and any applicable piece rate; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the pay period; (7) the name of the employee and the last four digits of the employee's social security number or employee identification number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

111. Labor Code § 226(e)(1) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), together with costs and reasonable attorneys' fees.

112. DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF with wage statements complying with Labor Code § 226(a). Specifically, DEFENDANTS' wage statements failed to accurately reflect, without limitation: (a) all hours worked, including unrecorded overtime; (b) the correct regular rate of pay for purposes of meal-period and rest-period premium wages and overtime; (c) all applicable hourly rates and the corresponding hours worked at each rate; and (d) gross wages earned, by understating the meal/rest premiums owed at the proper regular rate.

113. PLAINTIFF suffered injury as a result of DEFENDANTS' knowing and intentional failures, including the inability to determine from the face of the wage statements the full amounts of wages earned and owed. (Lab. Code § 226(e)(2)(B).)

114. PLAINTIFF is entitled to recover statutory penalties under Labor Code § 226(e), or her actual damages if greater, together with reasonable attorneys' fees and costs of suit. (Lab. Code § 226(e), (h).)

## <u>ELEVENTH CAUSE OF ACTION</u>

**Waiting Time Penalties Pursuant to Labor Code § 203**

(Against ULTA and DOES 1–20)

115. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

116. Labor Code § 201 requires employers to pay all earned and unpaid wages immediately upon an employee's discharge. Labor Code § 208 requires payment to be made at the place of discharge.

117. PLAINTIFF's employment was involuntarily terminated by ULTA on February 12, 2026. At the time of her discharge, DEFENDANTS failed to pay PLAINTIFF all earned and unpaid

wages then due and owing, including, without limitation, unpaid meal-period premium wages, unpaid rest-period premium wages, unpaid overtime, and unpaid wages owed at the correct regular rate. DEFENDANTS did not tender PLAINTIFF's final paycheck at the place of discharge but rather mailed it to her residence at a later date.

118. DEFENDANTS' failure to pay all earned wages at the time of discharge was willful within the meaning of Labor Code § 203, in that DEFENDANTS knew wages were owed and yet intentionally failed to pay them.

119. Pursuant to Labor Code § 203, PLAINTIFF is entitled to recover waiting-time penalties equal to her daily wage rate from the date the wages were due and unpaid, continuing for up to thirty (30) days, together with reasonable attorneys' fees and costs of suit.

## TWELFTH CAUSE OF ACTION

**Unfair Competition in Violation of Business and Professions Code § 17200 et seq.**

(Against All Defendants)

120. PLAINTIFF realleges, repeats, and incorporates by reference each and every preceding paragraph as though fully set forth herein.

121. The Unfair Competition Law, Business and Professions Code § 17200 et seq. ("UCL"), prohibits any person or entity from engaging in any "unlawful, unfair or fraudulent business act or practice." Each of these prongs provides a separate and independent basis for relief.

122. DEFENDANTS' conduct alleged herein constitutes unlawful business acts and practices within the meaning of Business and Professions Code § 17200 by reason of DEFENDANTS' violations of, without limitation, Government Code §§ 12940(a), (h), (k), (m), and (n); Labor Code §§ 201, 203, 208, 226, 226.7, 510, 512, 1194, 1197, and 1198; and the applicable IWC Wage Order. (Bus. & Prof. Code § 17200.)

123. DEFENDANTS' conduct as alleged herein further constitutes unfair business acts and practices in that the conduct is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFF and other employees, and the utility of DEFENDANTS' conduct does not outweigh the gravity of the harm.

124. As a direct, foreseeable, and proximate result of DEFENDANTS' unlawful and unfair

business acts and practices, PLAINTIFF has suffered injury in fact and has lost money and property, including wages and benefits to which PLAINTIFF was lawfully entitled.

125. Pursuant to Business and Professions Code §§ 17203 and 17208, PLAINTIFF is entitled to restitution of all wages and other monies wrongfully withheld for the four (4) year period preceding the filing of this Complaint, together with equitable relief, including disgorgement, and reasonable attorneys' fees and costs of suit under Code of Civil Procedure § 1021.5.

**THIRTEENTH CAUSE OF ACTION**

**Failure to Permit Inspection and Copying of Personnel and Payroll Records**

**Lab. Code §§ 1198.5 and 226 *et seq.***

(Against ULTA and DOES 1–20)

126. PLAINTIFF realleges, repeats, and incorporates by reference and every preceding paragraph as through fully set forth herein.

127. At all relevant times, PLAINTIFF was an employee, and later a former employee, of ULTA within the meaning of Labor Code §§ 1198.5 and 226.

128. Labor Code § 1198.5 requires an employer to permit a current or former employee, or the employee's representative, to inspect and receive a copy of personnel records relating to the employee's performance or to any grievance concerning the employee, within the time required by statute.

129. Labor Code § 226(b) and (c) require an employer to permit a current or former employee to inspect or copy records required to be maintained under Labor Code § 226(a), including itemized wage statement information, within the time required by statute.

130. After the termination of PLAINTIFF's employment on February 12, 2026, PLAINTIFF, through counsel, requested that ULTA produce PLAINTIFF's personnel records and payroll/timekeeping records. ULTA failed to produce complete records in response to that request.

131. ULTA thereafter failed and refused to timely permit full inspection and copying of all personnel records and payroll/timekeeping records requested by PLAINTIFF and/or her authorized representative, despite statutory duties to do so.

132. As a direct and proximate result of ULTA's failure to comply, PLAINTIFF has been

hindered in inspecting, evaluating, and vindicating her rights concerning her employment, wage payments, hours worked, separation, and the claims alleged in this action.

133. Pursuant to Labor Code § 1198.5, PLAINTIFF seeks the statutory penalty of seven hundred fifty dollars ($750), injunctive relief compelling compliance, and reasonable attorneys' fees and costs.

134. Pursuant to Labor Code § 226(f), PLAINTIFF seeks appropriate relief, including an order compelling ULTA to permit inspection and copying of the requested payroll records, together with attorneys' fees and costs as permitted by law.

135. PLAINTIFF also seeks such further legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general economic and non-economic compensatory damages in excess of $1,000,000, according to proof;

2. For back pay and front pay, including all lost wages and the value of lost benefits, according to proof;

3. For emotional distress damages according to proof;

4. For punitive and exemplary damages pursuant to Civil Code § 3294 in amounts sufficient to punish and deter DEFENDANTS' wrongful conduct;

5. For meal period premium wages pursuant to Labor Code § 226.7(c), in amounts to be proven at trial;

6. For rest period premium wages pursuant to Labor Code § 226.7(c), in amounts to be proven at trial;

7. For unpaid overtime wages pursuant to Labor Code §§ 510 and 1194, together with liquidated damages pursuant to Labor Code § 1194.2, in amounts to be proven at trial;

8. For wage statement penalties pursuant to Labor Code § 226(e), in amounts to be proven at trial;

9. For waiting time penalties pursuant to Labor Code § 203, in amounts to be proven at trial;

10. For restitution and disgorgement pursuant to Business and Professions Code §§ 17200 et seq.;

11. For pre-judgment and post-judgment interest as authorized by law, including Civil Code §§ 3287 and 3288 and Labor Code § 218.6;

12. For reasonable attorneys' fees pursuant to Government Code § 12965(b), Labor Code §§ 218.5 and 1194, and all other applicable fee-shifting statutes;

13. For costs of suit herein incurred; and

14. For such other and further relief as this Court deems just and proper.

Dated: September 9, 2026

**THE LAW OFFICE OF JONATHAN VEGA**

By:__________________________
Jonathan Vega, Esq.
Attorneys for Plaintiff
ELIZABETH VEGA

**DEMAND FOR TRIAL BY JURY**

PLAINTIFF hereby demands a trial by jury as to all causes of action and issues so triable.

Dated: September 9, 2026

**THE LAW OFFICE OF JONATHAN VEGA**

By:________________________________

Jonathan Vega, Esq.
Attorneys for Plaintiff
ELIZABETH VEGA

# EXHIBIT A

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 7, 2026

Jonathan Law Office of Jonathan Vega
601 E. Palomar Street, Ste. C, PMB 101
Chula Vista, CA 91911

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202609-37125508
Right to Sue: Vega / Ulta Salon, Cosmetics & Fragrance, Inc.

Dear Jonathan Law Office of Jonathan Vega:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 7, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202609-37125508
Right to Sue: Vega / Ulta Salon, Cosmetics & Fragrance, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 7, 2026

Elizabeth Vega
601 E. Palomar St., Ste. C, PMB 101
Chula Vista, CA 91911

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202609-37125508
Right to Sue: Vega / Ulta Salon, Cosmetics & Fragrance, Inc.

Dear Elizabeth Vega:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective September 7, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | California Housing and Homelessness Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
## Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Elizabeth Vega

CRD No. 202609-37125508

Complainant,

vs.

Ulta Salon, Cosmetics & Fragrance, Inc.

,

Respondents

---

**1.** Respondent **Ulta Salon, Cosmetics & Fragrance, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Elizabeth Vega**, resides in the City of **Chula Vista**, State of **CA.**

**3.** Complainant alleges that on or about **February 12, 2026**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over), disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied accommodation for a disability.

**Additional Complaint Details:**

VERIFICATION

I, **Jonathan Vega, Esq.**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On September 7, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Chula Vista, CA**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: M. Marquez Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV28459 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Dean J. Kitchens | 400 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 09/09/2026 (Date) By M. Marquez, Deputy Clerk



**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*